Craig R. Bockman (State Bar No. 105485)
crbockman@jonesbell.com
Kayla S.S. Betbout (State Bar No. 271360)
kssbetbout@jonesbell.com
**JONES, BELL, ABBOTT, FLEMING & FITZGERALD L.L.P.**
601 South Figueroa Street, 27th Floor
Los Angeles, California 90017-5759
Telephone: (213) 485-1555
Facsimile: (213) 689-1004

Attorneys for Plaintiff
Jackson National Life Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKSON NATIONAL LIFE INSURANCE COMPANY, a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>KARL E. PILGERAM, an individual; KURT J. PILGERAM, an individual; ALCOR LIFE EXTENSION FOUNDATION, a California corporation,<br><br>Defendants. | Case No. 2:15-cv-4975<br><br>**COMPLAINT IN INTERPLEADER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 22 AND 28 U.S.C. § 1335** |

Plaintiff Jackson National Life Insurance Company, a Michigan corporation, alleges as follows:

1. Plaintiff is now, and at all times mentioned herein has been, a citizen of Michigan, in that Plaintiff was incorporated under the laws of Michigan and its headquarters and principal place of business are in Michigan.

2. Defendant Karl E. Pilgeram is a citizen of, and is domiciled in, California, having resided in California since at least 1987.

3. Defendant Kurt J. Pilgeram is a citizen of, and is domiciled in, Montana, having resided in Montana since at least 1984.

4. Defendant Alcor Life Extension Foundation is a citizen of California and Arizona, in that Defendant Alcor Life Extension Foundation was incorporated under the laws of California and its headquarters and principal place of business are in Arizona.

5. Plaintiff is in possession of benefits due under that certain life insurance policy, number 0016288130 (the "Policy"), in the amount of $123,000. Defendants Karl E. Pilgeram and Kurt J. Pilgeram claim entitlement to the entire death benefit of $123,000 due under the Policy. Defendant Alcor Life Extension Foundation claims entitlement to not less than $80,000 of the death benefit due under the Policy (the "Funds in Dispute").

6. Because Defendants Karl E. Pilgeram and Kurt J. Pilgeram claim the entire death benefit of $123,000 due under the Policy, and Defendant Alcor Life Extension Foundation claims not less than $80,000 of the death benefit due under the Policy, the amount in controversy is not less than $80,000. Therefore, the amount in controversy exceeds $75,000, as required by Federal Rule of Civil Procedure 22, and 28 U.S.C. § 1332, and exceeds $500, as required by 28 U.S.C. § 1335.

7. This Court has jurisdiction pursuant to F.R.C.P. 22 and 28 U.S.C. § 1332 because complete diversity exists between Plaintiff, the stakeholder, and all defendants, as claimants.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1335 because at least two defendants, as claimants to the Funds in Dispute, are of diverse citizenship, in that Defendant Kurt Pilgeram, as a claimant to the Funds in Dispute, is a citizen of Montana and Defendant Alcor Life Extension Foundation, as a claimant to the Funds in Dispute, is a citizen of California and Arizona.

9. Venue is proper in this district under F.R.C.P. 22 and 28 U.S.C. § 1391 because a substantial part of the underlying events occurred in this district, in that the insured under the Policy died in this judicial district in Santa Barbara County. Venue is also proper under F.R.C.P. 22 and 28 U.S.C. § 1391, because Defendant Karl E.

Pilgeram is subject to the Court's personal jurisdiction with respect to this action, in that he is a citizen and resident of, and is domiciled in, California.

10.  Venue is also proper in this district under 28 U.S.C. §§ 1335 and 1397 because Defendant Karl E. Pilgeram, a claimant to the Funds in Dispute, resides in this district in Santa Barbara County.

11.  Defendants, and each of them, have made conflicting, adverse and independent demands upon Plaintiff with respect to the Funds in Dispute as follows:

a.  Defendant Alcor Life Extension Foundation claims the Funds in Dispute pursuant to a contract between Defendant Alcor Life Extension Foundation and the decedent, who was the insured under the Policy, whereby Defendant Alcor Life Extension Foundation agreed to perform cryopreservation services upon the decedent and his spouse in exchange for an assignment of certain proceeds of the death benefit payable under the Policy (the "Alcor Contract").  Defendant Alcor Life Extension Foundation contends that at the time of the decedent's passing, Defendant Alcor Life Extension Foundation was owed not less than $80,000.

b.  Defendants Karl E. Pilgeram and Kurt J. Pilgeram contend that Defendant Alcor Life Extension Foundation did not perform the cryopreservation services required by the Alcor Contract.  Accordingly, Defendants Karl E. Pilgeram and Kurt J. Pilgeram claim the entire death benefit of $123,000 due under the Policy.

12.  Plaintiff cannot resolve the conflicting demands made by the defendants to the Funds in Dispute; therefore, Plaintiff is unable to determine to whom the Funds in Dispute should be rightfully delivered.

13.  Plaintiff claims no interest in the Funds in Dispute, except for attorneys' fees and costs associated with the prosecution of this action.  Plaintiff is ready and willing to deliver the Funds in Dispute to the person who is legal entitled to receive them, and brings this action to have the matter legally determined.

14.  Plaintiff has incurred costs and reasonable attorneys' fees relating to the prosecution of this action in an amount to be later provided in accordance with the

Court's order, and Plaintiff will continue to incur fees and costs until the matter is adjudicated with finality as to Plaintiff's obligations.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. That defendants, and each of them, be ordered to interplead and litigate their claims to the Funds in Dispute, and be enjoined from prosecuting any actions against Plaintiff relating to the Funds in Dispute;

2. That the Court issue an order requiring the delivery of the interpleaded Funds in Dispute to the Court or to the party or parties legally entitled to them, and that, upon compliance with that order, Plaintiff be discharged from any liability with regard to the Funds in Dispute as to any of the defendants or any claimant, person or entity;

3. That Plaintiff be awarded costs and reasonable attorneys' fees and costs incurred in relation to the prosecution of this action to be paid from the Funds in Dispute; and

4. For such other relief as the Court deems just.

Dated: July 1, 2015

Craig R. Bockman
Kayla S.S. Betbout
**Jones, Bell, Abbott, Fleming & Fitzgerald L.L.P.**

By:      /s/
KAYLA S.S. BETBOUT
Attorneys for Plaintiff Jackson National Life Insurance Company